Requestor: Charles H. Clark, Esq., Village Attorney Village of Canajoharie P.O. Box 180 Canajoharie, New York 13317
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the appointment or removal of a village superintendent of public works by the mayor is subject to affirmative approval by the village board of trustees.
Under section 4-400(1)(c) of the Village Law, it is the responsibility of the mayor "to appoint all department and non-elected officers and employees subject to the approval of the board of trustees. . .". Thus, under this provision the appointment of a village superintendent of public works is by the mayor subject to approval of the board of trustees. In prior opinions of this office, we have found that the village mayor alone has the power to remove an appointed official of the village and that such power of removal is not subject either to consent or approval by the board of trustees (1979 Op Atty Gen [Inf] 177; 1974 Op Atty Gen [Inf] 204). Such removal authority, however, is subject to any civil service protection that the officer or employee may have (1974 Op Atty Gen [Inf] 204). If the position is in the exempt class of the civil service, however, continued employment is at the will of the appointing authority (1979 Op Atty Gen [Inf] 177).
You have also asked whether candidates for the office of village trustee can run for specific positions. We suggest that you raise this question with the State Board of Elections to determine whether such procedures are governed by the State Election Law or rules of the Board.
We conclude that the mayor is authorized to remove an appointed village official, subject to any civil service protection applicable to the position.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.